**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

DYLAN FORD,

                 Plaintiff,

v.                                        CIVIL ACTION NO.   2:26-cv-00306

RODNEYSE BICHOTTE-HERMELYN,
BRIAN GOTLIEB, and JOY CAMPANELLI,

                 Defendants.

**PROPOSED FINDINGS & RECOMMENDATION**

This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3). Before this Court is the *Application to Proceed Without Prepayment of Fees or Costs* filed by Plaintiff Dylan Ford ("Plaintiff"), who is proceeding pro se in this civil action. (ECF No. 1). For the reasons set forth herein, it is respectfully **RECOMMENDED** that this civil action be **DISMISSED** without prejudice, Plaintiff's Application (ECF No. 1) be **DENIED** as moot, and the Plaintiff be **DECLARED** a vexatious litigant subject to a prefiling injunction, as detailed *infra*.

I.      **BACKGROUND**

Plaintiff "Dylan Ford"[1] filed a three-sentence complaint against Defendants

---

[1] For the reasons set forth *infra*, the Court has reason to believe that the named Plaintiff is a fictitious person or "ghost plaintiff."

Rodneyse Bichotte-Hermelyn, Brian Gotlieb, and Joy Campanelli (collectively, "Defendants") on May 1, 2026. (ECF No. 2). The *Complaint* alleges in full, as follows:

1.    Brian Gotlieb and Joy Campanelli obstructed justice,
2.    Rodneyse Bichotte-Hermelyn participated in the process,
3.    The compensation amount is to be decided by the jury.

*Id.* Plaintiff provides a mailing address in Nebraska, although the envelope in which the *Complaint* was received by the Clerk bears a New York City postmark. (ECF No. 2-1).

The undersigned takes judicial notice that the foregoing allegations in Plaintiff's *Complaint* and the parties involved are *identical* to other complaints filed by this same Plaintiff during the same time frame in at least thirty other U.S. District Courts, as set forth in the following chart, *infra*:

| No. | Date Filed | Case No. | U.S. Dist. Ct. |
|---|---|---|---|
| 1 | 04/29/2026 | 8:26-cv-1699 | D. Md. |
| 2 | 04/30/2026 | 1:26-cv-1889 | D. Colo. |
| 3 | 04/30/2026 | 1:26-cv-876 | S.D. Ind. |
| 4 | 04/30/2026 | 1:26-cv-1413 | W.D. Mich. |
| 5 | 04/30/2026 | 4:26-cv-661 | E.D. Mo. |
| 6 | 04/30/2026 | 4:26-cv-367 | W.D. Mo. |
| 7 | 04/30/2026 | 1:26-cv-403 | M.D.N.C. |
| 8 | 04/30/2026 | 4:26-cv-253 | N.D. Okla. |
| 9 | 04/30/2026 | 5:26-cv-966 | W.D. Okla. |
| 10 | 04/30/2026 | 1:26-cv-481 | S.D. Tex. |
| 11 | 04/30/2026 | 2:26-cv-197 | E.D. Wash. |
| 12 | 04/30/2026 | 3:26-cv-405 | W.D. Wis. |
| 13 | 05/01/2026 | 2:26-cv-303 | M.D. Ala. |
| 14 | 05/01/2026 | 1:26-cv-213 | N.D. Ind. |
| 15 | 05/01/2026 | 1:26-cv-12009 | D. Mass. |
| 16 | 05/01/2026 | 1:26-cv-1365 | D.N.M. |
| 17 | 05/01/2026 | 1:26-cv-271 | D.R.I. |
| 18 | 05/01/2026 | 1:26-cv-166 | E.D. Tex. |
| 19 | 05/01/2026 | 4:26-cv-31 | W.D. Tex. |
| 20 | 05/04/2026 | 4:26-cv-444 | E.D. Ark. |
| 21 | 05/04/2026 | 2:26-cv-1701 | E.D. Cal. |
| 22 | 05/04/2026 | 5:26-cv-170 | M.D. Ga. |
| 23 | 05/04/2026 | 1:26-cv-2450 | N.D. Ga. |

| 24 | 05/04/2026 | 1:26-cv-1186 | C.D. Ill. |
|----|-----------|--------------|-----------|
| 25 | 05/04/2026 | 5:26-cv-4048 | D. Kan. |
| 26 | 05/04/2026 | 1:26-cv-77 | W.D. Ky. |
| 27 | 05/04/2026 | 3:26-cv-109 | N.D. Miss. |
| 28 | 05/04/2026 | 1:26-cv-146 | D.N.D. |
| 29 | 05/04/2026 | 3:26-cv-320 | D. Nev. |
| 30 | 05/04/2026 | 2:26-cv-104 | E.D. Tenn. |

It appears that only the name of the various district courts are changed among the identical complaints; each complaint asserts the same allegations, names the same parties, and even bears an identical typeface. Already, at least seven of these district courts have either entered an order of dismissal, or dismissal has been recommended by a U.S. Magistrate Judge. *See Ford v. Bichotte-Hermelyn*, 1:26-cv-1186, at ECF No. 3 (C.D. Ill. May 5, 2026); *Ford v. Bichotte-Hermelyn*, 5:26-cv-4048, at ECF No. 4 (D. Kan. May 5, 2026); *Ford v. Bichotte-Hermelyn*, 5:26-cv-966, at ECF No. 3 (W.D. Okla. May 5, 2026); *Ford v. Bichotte-Hermelyn*, 4:26-cv-253, at ECF No. 3 (N.D. Okla. May 4, 2026); *Ford v. Bichotte-Hermelyn*, 2:26-cv-303, at ECF No. 5 (M.D. Ala. May 1, 2026); *Ford v. Bichotte-Hermelyn*, 1:26-cv-1413, at ECF No. 6 (W.D. Mich. May 6, 2026) (report and recommendation); *Ford v. Bichotte-Hermelyn*, 2:26-cv-104, at ECF No. 8 (E.D. Tenn. May 5, 2026) (report and recommendation).

The undersigned further takes judicial notice that this case is substantially similar to five other civil actions recently filed in this Court and referred to the undersigned United States Magistrate Judge.[2] *See* (1) *Mills v. Bluth*, 2:26-cv-133, at ECF No. 4 (S.D.

---

[2] This number does not include the identical matters referred to the other U.S. Magistrate Judges within the U.S. District Court for the Southern District of West Virginia. *See, e.g.*, (1) *Shapiro v. Campanelli*, 1:25-cv-737, at ECF No. 6 (S.D. W. Va. Jan. 9, 2026) (report and recommendation); (2) *Williams v. Jimenez*, 1:26-cv-13, at ECF No. 5 (S.D. W. Va. Feb. 5, 2026) (report and recommendation); (3) *Adams v. Jimenez*, 5:26-cv-50, at ECF No. 5 (S.D. W. Va. Feb. 10, 2026), *report & recommendation adopted*, at ECF No. 7 (S.D. W. Va. Apr. 1, 2026); (4) *Alexander v. Hill-Kearse*, 5:26-cv-62, at ECF No. 4 (S.D. W. Va. Apr. 7, 2026) (report and recommendation); (5) *Tucker v. McClanahan*, 1:26-cv-68, at ECF No. 5 (S.D. W. Va. Feb. 26, 2026) (report and recommendation); (6) *Ruiz v. Gottlieb*, 2:26-cv-76, at ECF No. 5 (S.D. W. Va. Feb. 23,

W. Va. Feb. 26, 2026) (report and recommendation);[3] (2) *Collins v. Fang*, 2:26-cv-197, at ECF No. 5 (S.D. W. Va. Mar. 16, 2026), *report and recommendation adopted*, at ECF No. 7 (S.D. W. Va. Apr. 6, 2026);[4] (3) *Ross v. Campanelli*, 2:26-cv-00232, at ECF No. 4 (S.D. W. Va. Mar. 31, 2026) (report and recommendation);[5] (4) *Simons v. Basu*, 2:26-cv-265, at ECF No. 4 (S.D. W. Va. Apr. 15, 2026) (report and recommendation);[6] and (5) *Clark v. Rosenthal*, 2:26-cv-298, ECF No. 4 (S.D. W. Va. Apr. 30, 2026) (report and recommendation).[7]

These other cases also involved substantially similar "ghost" filings of barebones complaints filed across numerous U.S. District Courts via U.S. Mail with a return address that did not match the New York City postmark of the envelopes in which the Plaintiffs' filings were mailed. Notably, this Court's orders that were mailed by the Clerk of Court to the Plaintiffs' addresses of record in those cases were returned as undeliverable. It appears that these matters were all initiated by the same unknown individual(s) from a

---

2026), *report & recommendation adopted*, at ECF No. 7 (S.D. W. Va. Mar. 19, 2026); (7) *Hall v. Poley*, 2:26-cv-250, at ECF No. 5 (S.D. W. Va. Apr. 27, 2026) (report and recommendation); and (8) *Ventura v. Vella-Marrone*, 2:26-cv-309, at ECF No. 4 (S.D. W. Va. May 5, 2026). Notably, many of these cases name the same defendants as those named in the matters referred to the undersigned, including Defendants Gottlieb, Campanelli, McClanahan.

[3] The three-sentence Complaint in *Mills* alleged that (1) "Defendant conspired with individuals in depriving due process rights, Defendant failed to dismiss 100269/2023, causing unreasonable cost to the parties"; (2) "This Court has jurisdiction under federal law"; and (3) "Plaintiff demands jury trial and $1 Million against Defendant." *See id.*

[4] The three-sentence Complaint in *Collins* alleged that (1) "Defendants delayed the ruling"; (2) "This case is brought on diversity"; and (3) "Plaintiff demands damages over $75,000." *See id.*

[5] The Complaint in *Ross* alleged that (1) "Defendants had ex parte communication," (2) "This case is within federal jurisdiction," and (3) "Plaintiff demands damages to be decided by the Court." *See id.*

[6] The Complaint in *Simons* alleged that (1) "Defendants violated constitutional rights," and (2) "Plaintiff demands compensation of $100,000." *See id.*

[7] The Complaint in *Clark* alleged that (1) "Defendant Kevin McClanahan violated due process," (2) "Defendant Michael Rosenthal conspired with Kevin McClanahan," and (3) "Plaintiff demands an award to be decided by the Court." *See id.*

central location in New York.

## II.   <u>**LEGAL STANDARD**</u>

Where, as here, a plaintiff seeks to proceed *in forma pauperis*, this Court has a duty pursuant to 28 U.S.C. § 1915(e) to "screen initial filings . . . to independently assess the merits of *in forma pauperis* complaints" and "exclude suits that have no arguable basis in law or fact." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (citing *Nasim v. Warden*, 64 F.3d 951, 953–54 (4th Cir. 1995)). This Court must "dismiss a complaint filed *in forma pauperis* 'at any time if [it] determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted.'" *Id.*

When reviewing a complaint filed *in forma pauperis* for failure to state a claim, this Court applies the same standards that it applies to review a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (citing *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003)). That is, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Bell Atl. Corp.*

5

*v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015)).

This Court construes a pro-se plaintiff's allegations "liberally," but the complaint must nonetheless "contain enough facts to state a claim for relief that is plausible on its face." *Thomas*, 841 F.3d at 637 (quotations omitted); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because such deference is given to pro-se complaints, the Court should grant leave to amend where a pro-se complaint can be remedied by an amendment, to allow the development of a potentially-meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir. 1978) (explaining that a district court should allow pro-se plaintiffs a reasonable opportunity to develop pleadings.); *Coleman v. Peyton*, 370 F.2d 603, 604 (4th Cir. 1965) (stating that a pro-se plaintiff should be given an opportunity to particularize potentially-viable claims). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to pro-se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or "conjure up questions never squarely presented" to

the court. *Randolph v. Baltimore City Atates Atty.*, 14-3176, 2014 WL 5293708, at *1 (D. Md. Oct. 14, 2014), *aff'd sub nom. Randolph v. New Tech*, 588 Fed. App'x 219 (4th Cir. 2014) (citations omitted)). Thus, the Court may deny leave to amend when "the amendment would be futile," such that "it is clearly insufficient or frivolous on its face" or "if the claim it presents would not survive a motion to dismiss." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019).

## III.   <u>DISCUSSION</u>

Here, the undersigned **FINDS** that Plaintiff's Complaint is wholly insubstantial and frivolous and fails to invoke this Court's subject-matter jurisdiction. As such, dismissal is proper pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 12(h)(3) of the Federal Rules of Civil Procedure.

First, dismissal is proper because Plaintiff has identified no basis for this Court's jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As the U.S. District Court for the Northern District of Oklahoma found in the identical matter brought by the instant Plaintiff in that court:

> The Court has reviewed plaintiff's complaint (Dkt. # 1) and finds no basis to exercise jurisdiction over this case. Plaintiff's sole factual allegations are that [Defendants] Gotlieb and Campanelli "obstructed justice" and [Defendant] Bichotte-Hermelyn "participated in the process." Dkt. #1, at 1. Plaintiff cites no legal authority, such as a federal statute or constitutional provision, and it does not appear that he is attempting to state a claim arising under federal law. Therefore, the Court cannot exercise federal question jurisdiction over this case. Likewise, plaintiff fails to allege that complete diversity exists among the parties or that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Plaintiff does not allege the citizenship of any party and he seeks an unspecified amount of damages, and the Court lacks diversity jurisdiction over this case. Plaintiff has not alleged any basis for the Court to exercise subject-matter jurisdiction over this case[.]

*Ford v. Bichotte-Hermelyn*, 4:26-cv-253, ECF No. 3 at 2 (N.D. Okla. May 4, 2026). As a result, the U.S. District Court for the Northern District of Oklahoma dismissed the action without prejudice for lack of subject-matter jurisdiction. *Id.* at 3. *See also Mills v. Bluth*, 26-cv-322 (W.D. Okla. Feb. 23, 2026) (finding that vague reference to a "due process violation" was "too threadbare" to establish federal subject-matter jurisdiction). For precisely the same reasons, the instant action must be dismissed without prejudice for lack of subject-matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.[8]

Dismissal is likewise proper because Plaintiff's *Complaint* fails to set forth sufficient factual allegations to assert a plausible claim for relief. As U.S. Magistrate Judge Cynthia R. Wyrick of the U.S. District Court for the Eastern District of Tennessee found in the identical matter brought by the instant Plaintiff in that court:

> Here, as a factual basis for his Complaint, Plaintiff provides the following: "Brian Gotlieb and Joy Campinelli obstructed justice" and "Rodneyse Bichotte-Hermelyn participated in the process." [Doc. 2]. Plaintiff's one-sentence description of his claim includes only the conclusory contention that the named defendants obstructed justice and fails to provide the Court with any context. For example, Plaintiff has not alleged what, if any, events occurred that would provide a basis for his lawsuit, nor has he provided the dates or locations of any events in which Defendants [were] allegedly involved.

*Ford v. Bichotte-Hermelyn*, 2:26-cv-104, ECF No. 8 at 3 (E.D. Tenn. May 5, 2026) (report and recommendation). In light of the lack of factual allegations, Magistrate Judge Wyrick found that, "[w]ithout more, Plaintiff's claim cannot survive even the lenient screening

---

[8] As the Fourth Circuit Court of Appeals noted, the absence of subject-matter jurisdiction cannot support a dismissal with prejudice "because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." *Shing v. MD Dev. Disabilities Admin.*, 698 Fed. App'x 70, 72 (4th Cir. 2017). *Accord Shepherd v. Shepherd*, 2:25-cv-394, 2025 WL 2640435, at *1 n.1 (S.D. W. Va. Sept. 12, 2025).

standard under § 1915" and therefore "the Court has no choice but to recommend dismissal of Plaintiff's complaint because it fails to set forth any claim upon which relief may be granted." *Id.*

Similarly, as Chief U.S. District Judge R. Austin Huffaker, Jr. of the U.S. District Court for the Middle District of Alabama found in the identical matter brought by the instant Plaintiff in that court, the Complaint "utterly fails to meet the pleading requirements of Rule 8(a)." *Ford v. Bichotte-Hermelyn*, 2:26-cv-303, ECF No. 5 at 2 (M.D. Ala. May 1, 2026). Chief Judge Huffaker found that the Complaint "contains only two conclusory sentences alleging that Defendants 'obstructed justice[,]'" and thus is so wholly insubstantial and frivolous that it essentially "fails to provide *any* factual allegations whatsoever[.]" *Id.* at 2-3.

Likewise, as U.S. District Judge Jonathan E. Hawley of the U.S. District Court for the Central District of Illinois found in the identical matter brought by the instant Plaintiff in that court, "[e]ven construing the Plaintiff's Complaint liberally, as the Court must[,] given [his] *pro se* status, the Plaintiff's allegations very blatantly fail to state a claim." *Ford v. Bichotte-Hermelyn*, 1:26-cv-1186, ECF No. 3 at 2 (C.D. Ill. May 5, 2026). Judge Hawley explained that "the Plaintiff does not provide who, exactly, the parties are, the Plaintiff does not explain the basis for filing in this Court, and the Plaintiff does not provide any context whatsoever for his allegations." *Id.*

Just as the other U.S. district courts have noted in the identical matters, in this case it is wholly unclear from the record who the named Defendants are or their role in the purported events giving rise to this civil action. Likewise, it is wholly unclear what acts or omissions on the part of the Defendants violated any of Plaintiff's constitutional rights

or otherwise acted in a manner that gave rise to a claim for relief. Rather, Plaintiff merely sets forth a vague and conclusory statement. (ECF No. 2 at 1 ¶¶ 1-2). This is fundamentally insufficient to set forth a plausible claim for relief. As the U.S. Supreme Court explained, while the pleading standard set forth in the Federal Rules of Civil Procedure "does not require detailed factual allegations . . . it demands more than an unadorned, 'the-defendant-unlawfully-harmed-me' accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Because such deference is given to pleadings filed by parties proceeding pro se, the Court should grant leave to amend where a pro-se complaint can be remedied by an amendment, to allow the development of a potentially-meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir. 1978) (explaining that a district court should allow pro-se plaintiffs a reasonable opportunity to develop pleadings.); *Coleman v. Peyton*, 370 F.2d 603, 604 (4th Cir. 1965) (stating that a pro-se plaintiff should be given an opportunity to particularize potentially viable claims). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 685 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to pro-se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or "conjure up questions

never squarely presented" to the court. *Randolph v. Baltimore City Atates Atty.*, 14-3176, 2014 WL 5293708, at *1 (D. Md. Oct. 14, 2014), *aff'd sub nom. Randolph v. New Tech*, 588 Fed. App'x 219 (4th Cir. 2014) (citations omitted)). Thus, the Court may deny leave to amend when "the amendment would be futile," such that "it is clearly insufficient or frivolous on its face" or "if the claim it presents would not survive a motion to dismiss." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019).

Here, Plaintiff's *Complaint* is fundamentally insufficient and clearly frivolous on its face. Consequently, even if the Court could exercise subject-matter jurisdiction over this civil action, it is nonetheless subject to dismissal for failure to state a claim for which relief may be granted, and amendment would be futile. *See id.* As Magistrate Judge Wyrick found in the identical action before the U.S. District Court for the Eastern District of Tennessee, dismissal pursuant to 28 U.S.C. § 1915 is proper because "the deficiencies identified are so extensive that they are not subject to being addressed via an amended complaint." *Ford v. Bichotte-Hermelyn*, 2:26-cv-104, ECF No. 8 at 3-4 (E.D. Tenn. May 5, 2026). *See also Ford v. Bichotte-Hermelyn*, 5:26-cv-966, ECF No. 3 at 1-2 (W.D. Okla. May 5, 2026) (finding amendment unwarranted "because Plaintiff's Complaint is so devoid of substance"); *Ford v. Bichotte-Hermelyn*, 2:26-cv-303, ECF No. 5 at 3 (M.D. Ala. May 1, 2026) ("[G]iven that the Complaint is wholly insubstantial and frivolous, Plaintiff will not be given an opportunity to amend.").

Furthermore, venue is clearly improper in this civil action. Federal statute generally permits a plaintiff to bring a civil action in one of three places: (1) a judicial district in which any defendant resides when all defendants are residents of the State in

which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to the action. 28 U.S.C. § 1391(b). There is nothing in the *Complaint* to indicate that either the Plaintiff or the Defendants have any connection to West Virginia whatsoever, or that any of the events giving rise to Plaintiff's unspecified claim occurred in West Virginia. Consequently, there is nothing in the record to even remotely suggest that venue is proper in this Court.

Finally, as the U.S. District Court for the Northern District of North Dakota found under similar circumstances, "this action appears malicious." *Mills v. Bluth*, 1:26-cv-47 (D. N.D. Feb. 24, 2026). "[A] plaintiff's duplicative complaint is an abuse of the judicial process and is properly dismissed" as malicious under 28 U.S.C. § 1915. *Id.* (citing *Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021); *accord McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981)). As noted *supra*, Plaintiff has filed identical actions in multiple districts; further, the instant action is strikingly similar to hundreds of other actions filed in this Court and other districts in the same manner. Those cases involved substantially-similar "ghost" filings of barebones complaints across numerous U.S. District Courts via U.S. Mail with return addresses that did not match the New York City postmark of the envelopes in which the Plaintiffs' filings were received. Like the other actions, it is likely that filings mailed by the Clerk of Court to Plaintiff's address of record in this case will be returned as undeliverable because it appears to be a false address. Consequently, it appears that

Plaintiff's duplicative filing in this district was intended to harass rather than initiate legitimate litigation against the Defendants. The U.S. District Court for the District of Rhode Island found that a similar complaint in that district was a "ghost" complaint brought for an improper purpose, and ordered dismissal for that reason. *See Collins v. Fang*, 1:26-cv-152 (D.R.I. Mar. 13, 2026). Like *Collins*, it appears that these cases involve malicious filings by a sham or "ghost" plaintiff intended to clog and delay the function of the federal courts and/or to harass the named Defendants.

Judge Hawley of the U.S. District Court for the Central District of Illinois also picked up on this pattern, noting the following in the identical action before that court:

> [T]his same Complaint brought [by] Dylan Ford against Defendants Bichotte-Hermelyn, Gotlieb, and Campanelli has been filed in numerous courts around the country, including in the U.S. District Court for the Western District of Michigan, the U.S. District Court for the Middle District of Georgia, the U.S. District Court for the Middle District of Alabama, and the U.S. District Court for the District of Rhode Island, among many other district courts. The cases were all filed between April 29, 2026 and May 4, 2026, thus far at least. Each complaint (at least the several this Court reviewed) is dated April 14, 2026. The Plaintiff's mailing address is in South Sioux City, Nebraska, but the envelope he mailed his Complaint in here and in the other cases is postmarked in New York. *See* Pl.'s Compl. (D. 1 at ECF p.2). An action is "malicious" in the context of Section 1915(e)(2)(B)(i) where it is "intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). Certainly, where a plaintiff files the same complaint with the same three meager allegations – really just the barest possible sentences – in over 27 courts within just days of each other, that . . . plaintiff intends to harass either the defendant, the given court, or both.

*Ford v. Bichotte-Hermelyn*, 1:26-cv-1186, ECF No. 3 at 2-3 (C.D. Ill. May 5, 2026).

Similarly, U.S. District Judge Toby Crouse of the U.S. District Court for the District of Kansas noting the following in the identical action before that court:

> Ford's Complaint does not contain a statement showing the grounds of federal jurisdiction or that he is entitled to relief. See Fed. R. Civ. P. 8. Additionally, it is apparent that Ford is engaged in a pattern of vexatious litigation throughout the country. *See, e.g., Ford v. Bichotte-Hermelyn, et*

*al.*, No. 26-197 (E.D. Wash. Apr. 30, 2026), Doc. 1 (filing an identical complaint in that case as in this case); *Ford v. Bichotte-Hermelyn*, et al., 26-306 (S.D. W. Va. May 1, 2026), Doc. 1 (same); *Ford v. Bichotte-Hermelyn, et al.*, No. 26-403 (M.D.N.C. Apr. 30, 2026), Doc. 2 (same).

*Ford v. Bichotte-Hermelyn*, 5:26-cv-4048, ECF No. 4 at 1 (D. Kan. May 5, 2026) (summarily dismissing the complaint and warning that further "attempts to pursue meritless litigation may result in filing restrictions").

Further, U.S. Magistrate Judge Sally J. Berens of the U.S. District Court for the Western District of Michigan noted the following:

> Although Plaintiff provides no factual detail about Defendants, it appears from a Google search that Gottlieb (incorrectly spelled in the complaint as Gotlieb) and Campenelli are judges in the State of New York judicial system and have no connection with this district or Michigan. I note that in Case No. 1:25-cv-1827, a plaintiff identified as John Shapario, allegedly from Anchorage, Alaska, sued Joy Campenelli in this Court asserting similar allegations. The envelope enclosing Shapiro's complaint, like the envelope enclosing Plaintiff's complaint in this action, contained a New York, N.Y., postmark. The documents dismissing the case were returned to the Court for insufficient address. In Case No. 1:26-cv-1048, a plaintiff purportedly named Kelly Ross from Houston, Texas sued Joy Campanelli, Genine D. Edwards, and Brian Gottlieb in this Court based on a similar complaint. The envelope enclosing Ross's complaint also contained a New York, N.Y. postmark, and the documents dismissing the case were returned to the Court marked as not deliverable as addressed. In Ross v. Campanelli, No. 26-2151, 2026 WL 900034, at *2 (D. Kan. April 2, 2026), the court noted that "[a] PACER search . . . reveals that a Kelly Ross has sued a Joy Campanelli and others in 22 different federal courts in March 2026." The court observed that such conduct constituted "an abuse of the legal process." Id. The foregoing pattern suggests that an individual other than Dylan Ford who lives in New York filed this action under a fictious name and address.

*Ford v. Bichotte-Hermelyn*, 1:26-cv-1413, ECF No. 6 at 3 n.2 (W.D. Mich. May 6, 2026).

Here, just as the other courts have noted, in this case Plaintiff is pursuing a malicious action, and therefore dismissal is proper pursuant to 28 U.S.C. § 1915(e)(2)(B). *See id.*; *see also Clark v. Rosenthal*, 3:2-cv-102, at ECF No. 4 (N.D. Miss. Apr. 29, 2026)

14

(recommending dismissal of similar complaint as frivolous).

Moreover, the undersigned respectfully recommends that the Court consider a prefiling injunction against this clear pattern of abusive litigation. "It is clearly improper and an abuse of the judicial process to pursue identical claims in multiple jurisdictions." *Emrit v. Devos*, 8:20-cv-00773, 2020 WL 9078298, at *2 (M.D. Fla. Apr. 20, 2020). "[T]he public is not well-served" when "the court system [is] weaponized by any party for improper purposes" because "[j]udicial time and resources are wasted . . . [and] of course, diverted from legitimate, meritorious claims." *Id.* at *3. This Court is authorized to impose such sanctions under the circumstances, because the All Writs Act, 28 U.S.C. § 1651(a), empowers federal district courts to enjoin vexatious litigants who have a history of abusing the court's limited resources. *See Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004).

The Fourth Circuit set forth four factors that a district court should consider in deciding whether to issue a prefiling injunction as a sanction. *Thomas v. Fulton*, 260 Fed. App'x 594, 496 (4th Cir. 2008). The Court must consider (1) the plaintiff's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the plaintiff had a good-faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the plaintiff's filings; and (4) the adequacy of alternative sanctions. *Id.* While such an injunction should be used sparingly and "remain very much the exception to the general rule of free access to the courts," the Fourth Circuit explained that a district judge may limit a litigant's access to the courts "in exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions."

*Cromer*, 390 F.3d at 818 (citation omitted). For the foregoing reasons set forth *supra*, each of the factors enumerated by the Fourth Circuit in *Thomas* apply to the instant matter. There can be no question in this case and the hundreds of other cases filed by this ghost plaintiff in federal district courts across the country that he or she has continually abused the IFP privilege—and continues to do so—clogging the district courts' dockets with frivolous, malicious, and repetitious actions that form precisely the "exigent circumstances" contemplated by the Fourth Circuit.

In order to impose this sanction, the Court "must ensure that the injunction is narrowly tailored to fit the specific circumstances at issue." *Thomas*, 260 Fed. App'x at 596. A narrowly-tailored prefiling injunction is more challenging under the circumstances, because the ghost plaintiff behind this line of cases uses different aliases and addresses to conceal his or her identity. Nonetheless, there is a clear and consistent pattern to these filings that can be identified. Accordingly, the undersigned **RECOMMENDS** that this unnamed ghost plaintiff be declared a harassing and vexatious litigant pursuant to 28 U.S.C. § 1651(a), and that the Clerk pre-screen filings containing the following characteristics: (1) a pro-se plaintiff transmits a complaint and application to proceed *in forma pauperis* to the Clerk of Court by U.S. Mail; (2) the envelope bears a New York City postmark but the plaintiff lists a mailing address from a State or U.S. Territory other than New York; (3) the complaint sets forth three or fewer numbered sentences; (4) the complaint does not address why venue is proper in this Court; and (5) the plaintiff fails to provide a telephone number. Under such circumstances, the Clerk of Court should return the complaint and application to the plaintiff's listed mailing address with a letter informing the plaintiff that he or she must

either (1) pay the applicable $402.00 filing fee, or (2) transmit a statement in support of venue before the Court will docket his or her complaint. Importantly, the undersigned's recommended sanction is narrowly tailored to address the central concern—preventing systematic abuse of the *in forma pauperis* ("IFP") privilege—without barring a litigant's access to the Court. Such a plaintiff would remain free to proceed upon payment of the Court's filing fee; he or she would merely be precluded from receiving the IFP *privilege* without first ascertaining the appropriate venue. *See Emrit v. Cent. Intel. Agency*, 2:22-cv-119, at ECF No. 11 (S.D. W. Va. Aug. 23, 2022).

## IV.    RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Plaintiff's *Application to Proceed Without Prepayment of Fees or Costs* (ECF No. 1) as moot, **DISMISS** this action without prejudice, **DECLARE** the Plaintiff to be a vexatious litigant, and impose a prefiling injunction—either as set forth *supra*, or pursuant to such other screening measures as the Court deems just and proper.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection; further, pursuant to Rule 6(d), any unrepresented party shall have an additional three (3) days after this fourteen-day period if service is made via U.S. Mail.

Extension of this time period may be granted by the presiding District Judge for good cause shown. A copy of any objections shall be provided to Judge Goodwin, and to each opposing party—except that, if any opposing party is represented by counsel, that party's copy should be provided to his or her counsel.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation, and to transmit a copy to counsel of record and any unrepresented party.

ENTERED:   May 6, 2026

Dwane L. Tinsley
United States Magistrate Judge